## M. F. SOMMERS v. BEN THOMPSON, et ux.

Western Section.   June 20, 1925.

Certiorari denied by Supreme Court December 12, 1925.

1. **Covenants.   Estoppel.**
   In an action to recover on the warranty in a deed, **held** a person taking a deed knowing that the farm contains only 100 acres although the deed calls for 120 acres and making no complaint about the shortage for four years can not recover from the grantor on the theory that he conveyed 120 acres.

2. **Evidence.   Judicial notice.   Court will take judicial notice of great depreciation of land value.**
   The court will take judicial knowledge of the fact that there was a great depreciation in land values between 1919 and 1923.

Appeal from Chancery Court, Henry County; Hon. Tom C. Rye, Chancellor.

Affirmed.

Dudley Porter, of Paris, for complainant.

Lewis and Rhodes, of Paris, for defendants.

CLARK, J.   The complainant, M. F. Sommers, purchased a tract of land which was deeded to him by the defendants, Ben Thompson, and his wife, Susan E. Thompson.   It was stated in the deed that the tract of land conveyed contained 120 acres.   The complainant charged in his bill that, as a matter of fact, said tract of land contained only 85.4 acres, and he charged that there was a shortage of 34.6 acres.   He claimed to have purchased the land by the acre and to have paid $37.50 per acre for same, making a total of $4500, and he prayed for a decree against defendants for $1297.50 and for general relief.

The defendants answered denying the material charges contained in complainant's bill and especially denying that there was any shortage in said tract of land, or that complainant was entitled to any decree against them.   They also denied that they sold complainant the tract of land in controversy, averred that the tract of land, at the time complainant purchased it, was owned by one Gregson, that complainant purchased it from the agents of said Gregson, but defendants admitted that they executed the deed.

The material facts necessary to be stated are these:   Sometime prior to 1919, the defendant, Ben Thompson, was the owner of the tract of land in controversy. He sold the land to Gregson and executed

to Gregson a title bond agreeing to make him a warranty deed to the land when Gregson had paid the consideration in full.

During the year 1919, Gregson listed this tract of land with Alexander and Doty, real estate agents in Henry county, for sale; and, during that year, said real estate agents sold said tract of land to the complainant for the price of $4500. The sale was in gross and not by the acre. The title bond executed by Thompson to Gregson had not been recorded and Gregson called on Thompson, made known to him the fact that he had sold the tract of land to complainant and requested Thompson to execute a deed to complainant, a-greeing to pay Thompson a part of the consideration which he (Gregson) was to receive for the land.

The transaction was managed by the real estate firm of Alexander and Doty. Mr. Thompson had his daughter, Mrs. Ragland, write the deed from him to complainant. The deed was carried to the office of Alexander and Doty, but when complainant discovered that Mrs. Thompson had not joined in the deed he refused to accept it. Mr. Alexander went to the home of Mr. Thompson and had Mrs. Thompson sign the deed, it was delivered to complainant, he paid to said real estate firm $3000 in cash and executed two notes, each for $750 and due about one and two years after date. The two notes and probably a portion of the cash consideration were turned over to Mr. Thompson.

Complainant entered upon the tract of land, cut considerable timber from same and in every way treated it as his own and as satisfactory until about the time of the filing of the bill in this case, which was in August, 1923.

The deed from defendants to complainant states that the tract of land contains 120 acres, more or less. As a matter of fact, the tract of land conveyed contains only about 97 or 98 acres. Complainant insists that the land actually embraced in the calls of the deed contains 105.7, but that 20.3 acres of that amount is held by outstanding and superior titles, a part of said 20.3 acres being owned by James Davis and the balance by Booker Hastings.

As above stated, we are of opinion that the preponderance of the proof shows that the tract of land conveyed contains, in round numbers, 98 acres, and that this fact was known to complainant at the time he purchased the land. While the transaction was under way and before it had been finally closed, at least before complainant left the office of Alexander and Doty after the making of the deed, one member of that firm figured the acreage of the land from calls there before the parties. The figures were probably made from the title bond of Gregson. But whatever they were made from, the purpose of the calculation was to get at the number of acres in the tract of land that complainant was purchasing, and the agent mak-

ing the calculation stated to complainant that the tract of land contained about 98 or about 100 acres; and complainant stated in substance that the deed called for 120 acres, and he guessed old man Ben (referring to the defendant, Ben Thompson) was good for the 20 acres.

Complainant purchased the land as a matter of speculation; that is, he purchased it to resell, Alexander & Doty stating to him that they believed they could sell it at a profit. So; immediately after purchasing it, he listed the land with Alexander and Doty for sale. His contract was in writing, gave a brief description of the tract of land and stated that it contained 100 acres.

The first contract was for eight months, and, upon its expiration, complainant renewed it or made another contract with said real estate agents, which was also in writing, and it stated that the tract of land listed contained 100 acres. Both of these contracts were signed by complainant.

The real estate agents advertised the land for sale, and, in their advertisements, referred to it as a tract containing 100 acres.

In March, 1920, the complainant executed a lease on said tract of land to a certain mineral or oil company. He was to receive and did receive ten cents per acre for the lease. The tract of land was represented to contain 100 acres and complainant accepted pay for the lease on that basis. As stated, the bill in this case was not filed until August, 1923. The court will take judical knowledge of the fact that there was a great depreciation in land values between 1919 and 1923.

We are of opinion that complainant failed to show that he was entitled to any relief prayed for and that there was no error in the action of the chancellor in dismissing the bill and taxing him with the cost. See Young v. Weakley, 144 Tenn., 383 and Bank of Paris v. Callender, 150 Tenn., 325.

It results that all of the assignments of error are overruled and the decree of the chancellor is affirmed.

The appellant and the sureties on his appeal bond will pay the cost of the appeal.

Heiskell and Owen, JJ., concur.